[S. F. No. 2143.    Department One.—March 25, 1902.]

WILLIAM HELLIER, Respondent, v. JAY E. RUSSELL et al., Appellants.

PROMISSORY NOTE—MATURITY—PAYMENT OF INTEREST IN ADVANCE.— The default of the maker of a note in not paying the principal thereof on the day stipulated is not waived or in any way affected by the payment and acceptance of interest in advance, in accordance

with a further agreement contained in the note; and an action may be maintained on such note to recover the principal, notwithstanding the interest has been paid to a day subsequent to the commencement of the action.

ID.—MORTGAGE—ATTORNEY'S FEE—EVIDENCE.—Where a mortgage given to secure a note provides for an attorney's fee, the court may allow the same, although no such provision is contained in the note; and the court may fix the fee, without the introduction of evidence as to its reasonableness.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

J. E. Russell, for Appellants.

J. C. Bates, for Respondent.

GRAY, C.—Defendants appeal from a judgment in plaintiff's favor.   This action was brought to foreclose a mortgage securing a note reading as follows:—

"San Francisco, November 24, 1891.   On the 24th day of November, 1892, for value received, we jointly and severally, promise to pay to the order of Michael J. Reilley the sum of one thousand dollars, with interest monthly in advance, at the rate of one per cent per month, and to compound monthly if not so paid," etc.

The complaint in the action was filed and suit begun on November 13, 1896; and in said complaint it is alleged that the defendants have not, "nor has either of them, paid the principal sum of $1,000 mentioned in said promissory note, on any part of said sum, but have paid the interest thereon to the 24th day of November, 1896, and said sum of $1,000, U. S. gold coin, with interest from November 24, 1896, is now due, owing and unpaid from said defendants to this plaintiff."

On demurrer to the complaint the point was made, as it is again made by appellant here, that the above statement of facts shows that the action was prematurely brought; that interest having been paid in advance to a day subsequent to the date of the filing of the complaint, nothing was due on the note until the date to which interest was so paid.

By the terms of the note the principal sum of one thousand

dollars fell due on November 24, 1892, almost four years before the action was begun. The defendant agreed to pay the principal on that date, and this agreement was not waived or in any way affected by the acceptance of interest in advance from month to month, in accordance with the further agreement contained in the note. There is no merit in this contention of appellant.

The mortgage foreclosed provided for counsel fees "at the rate of seven per cent upon the amount which may be found to be due for principal and interest." The court found $1,296 to be due as principal and interest at the date of the findings, and, without taking evidence on the question, fixed the attorney's fee at ninety dollars, which was a little less than the mortgage provided for.

That the note did not provide for an attorney's fee is entirely immaterial. The decree, so far as it relates to the attorney's fee, is based upon the agreement in the mortgage of which the note was a part.

Nor was it necessary to introduce evidence to show the trial court what would be a reasonable attorney's fee in the case. The court had the power to fix the fee in the absence of any testimony on that subject. (*Edwards* v. *Grand,* 121 Cal. 254.)

The last contention of appellant is, that the law authorizing the court to fix the counsel fee is unconstitutional. We need not consider the question, for if there was no statute on the subject the court would still fix the fee under the terms of the mortgage providing for the same; and the fee as fixed not being greater than provided for in the mortgage, the appellant has no ground of complaint.

The appeal is without merit.

The judgment should be affirmed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        Harrison, J., Van Dyke, J., Garoutte, J.