JACOB HUBER *et al.* Defendants in Error, *vs.* THOMAS
BROWN *et al.* Plaintiffs in Error.

*Opinion filed December 22, 1909—Rehearing denied Feb. 3, 1910.*

1. MORTGAGES—*provision for solicitor's fees on foreclosure is
not in nature of penalty.* A clause in a mortgage providing for
the payment to the mortgagee of solicitor's fees, etc., incurred in
foreclosure, is not in the nature of a penalty, but is intended to
indemnify the mortgagee for disbursements reasonably and neces-
sarily made to protect his interest or enforce performance.

2. SAME—*mortgagor may bind himself to pay attorney's fees
and expenses in collateral litigation.* A mortgagor may, by a pro-
vision of the mortgage, bind himself not only to indemnify the
mortgagee for solicitor's fees in case of foreclosure, but also for
any such fees or expenses which may be paid out or incurred by
the mortgagee or owner of the indebtedness in any collateral liti-
gation to which he may be a party by reason of his relation to the
debt or the mortgage securing the same.

WRIT OF ERROR to the Appellate Court for the First
District;—heard in that court on appeal from the Superior
Court of Cook county; the Hon. W. M. McEWEN, Judge,
presiding.

C. S. BABCOCK, for plaintiffs in error.

GEORGE H. MASON, and VINCENT D. WYMAN, for de-
fendants in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This writ of error is sued out by Thomas Brown and
wife for the purpose of obtaining a review of a judgment
of the Appellate Court for the First District affirming a
decree of foreclosure of three trust deeds by the superior
court of Cook county. The case grows out of a contro-
versy other aspects of which have been before this court
on two previous occasions, and the opinions of this court
will be found reported as *Brown* v. *Schintz,* 202 Ill. 509,

and *Brown* v. *Schintz*, 203 id. 136. The history of the controversy will be found recited in detail in the statement preceding the opinion in 202 Ill.

The facts, so far as the same are necessary to an understanding of the questions involved in this case, are as follows: In 1897 Thomas Brown was the owner of lot 45, in block 1, Frank Wells & Co.'s boulevard subdivision of the north-west quarter of the north-west quarter of section 23, town 39, north, range 13. Being desirous of erecting a building on said premises and not having a sufficient amount of funds for such purpose, on April 26, 1897, Thomas Brown made a note for $2500, payable to his own order, due five years after date, with interest at six per cent per annum, and another note for $700, payable to his order three years after date, with interest at seven per cent, and executed two trust deeds to Theodore H. Schintz, as trustee, on the premises above described to secure the two notes above referred to. The $2500 note was endorsed and delivered to Jacob Huber and the $700 note was endorsed and delivered to Nicholas J. Mann. Each of the endorsees paid full value for the note assigned to him. No part of either note having been paid, the bill in the case at bar was filed to foreclose said trust deeds. The court below decreed a foreclosure in accordance with the prayer of the bill, and allowed the complainants below the amount paid out by them for solicitor's fees and other expenses and disbursements made by them in consequence of the default in the payment of the notes.

The clauses in the trust deeds authorizing the allowance of solicitor's fees and other expenses is somewhat broader than the usual clause found in such instruments. The provisions in these deeds of trust on that subject are as follows: "And it is further agreed that in case of a right of foreclosure or other right or procedure should arise under such trust deed, all expenses or disbursements paid or incurred upon behalf of the complainant in connec-

tion with the foreclosure thereof, or in connection with any proceedings thereunder or on any of the said notes, including the sum of $300 for solicitor's fees, and also all outlays for documentary evidence, stenographer's charges, cost of procuring and completing abstract of title showing the whole title to the premises, including foreclosure proceedings and record of master's certificate of sale, should be paid by said grantors; that all costs, expenses, solicitor's or attorney's fees incurred or paid by the grantee or any holder of any part of said indebtedness, in any suit or proceeding in which any of them, as such, might be a party, should also be paid by said grantors; that all of such costs, solicitor's fees and disbursements should be an additional lien upon said premises and be taxed as costs and included in any decree that might be rendered in any foreclosure proceedings."

A petition for a mechanic's lien was filed August 9, 1897, against Thomas Brown and complainants, Huber and Mann, and in that proceeding Huber and Mann incurred certain expenses for attorney's fees and court costs. This mechanic's lien case was finally determined in this court and is the case reported as *Brown* v. *Schintz,* in 202 Ill. 509. Default having been made in the payment of the interest, Huber and Mann commenced an ejectment suit for the possession of the premises under their trust deeds, and in this suit additional attorney's fees and expenses were incurred. They also caused a confession of judgment to be entered on these notes. Under the provision of the trust deeds above quoted, the court below allowed complainants their solicitor's fees for the foreclosure of the trust deed, and also the solicitor's fees and expenses incurred in the other litigation above referred to. During the pendency of the mechanic's lien case a receiver was appointed for the property, and the building being incomplete, the court made an order authorizing the receiver to borrow $600 for the purpose of completing the building, and to issue receiver's

certificates therefor and execute another trust deed to secure said loan. This amount of money was loaned to the receiver by complainants, Huber and Mann, and a trust deed to the American Trust and Savings Bank was executed by the receiver, under the order of the court, to secure this loan. The present bill includes a prayer for the foreclosure of the $600 trust deed, and the amount due thereon, together with the attorney's fees provided for in said trust deed, is included in the decree in this case.

The action of the court in allowing the solicitor's fees and other expenses is the principal ground of complaint relied on by plaintiffs in error in this case. The judgments entered in favor of Mann and Huber by confession had been by the order of court opened up and Brown had filed pleas, and the causes were pending and undetermined at the time this case was tried. By a written stipulation it was agreed that all questions that might be raised and determined in these suits at law might be determined by the court in this case, and those questions were decided by the trial court upon the hearing of this cause. The manifest purpose of the parties is to have the adjudication of this case determine all matters in controversy between them.

By reference to the clause in the trust deeds set out above, it will be noted that it provides not only for the payment by the grantors of the attorney's fees that may be incurred in this foreclosure, but also for "all expenses and disbursements paid or incurred * * * in connection with any proceedings thereunder or on any of said notes," and also "all costs, expenses, solicitor's or attorney's fees incurred or paid by the grantee or any holder of any part of said indebtedness, in any suit or proceeding in which any of them, as such, might be a party." The trust deed provided for a fee of $300 in case of foreclosure, and plaintiffs in error contend that this sum is in the nature of a penalty or liquidated damages for the default, and that in no event can the recovery on account of attorney's fees ex-

ceed that sum. Whatever the rule may be in other jurisdictions on this subject, this court has uniformly treated such clauses as intended to indemnify the grantee for disbursements reasonably and necessarily made to protect his interest or to enforce performance by the opposite party. (*Soles* v. *Sheppard,* 99 Ill. 616; *Burton* v. *Perry,* 146 id. 71; *Heffron* v. *Gage,* 149 id. 182; *Baker* v. *Jacobson,* 183 id. 171.) A mortgagor or grantor in a trust deed may, if he desires to do so, insert a clause in the instrument binding himself to indemnify the grantee or any owner of the indebtedness, not only for an attorney's fee incurred in connection with the foreclosure of the deed, but also any and all attorney's fees and necessary expenses paid out or incurred in any collateral litigation in which the grantee or owner of the indebtedness may be a party by reason of his relation to the debt or the deed securing the same.

In *Henke* v. *Gunzenhauser,* 195 Ill. 130, this court had before it a provision in a trust deed very similar to those here involved. The provision there considered was as follows: "It is agreed that said grantors shall pay all costs and attorney's fees incurred or paid by the said grantee, or the holder or holders of said notes, in any suit in which either of them may be plaintiff or defendant by reason of being a party to this trust deed or a holder of said notes, and that the same shall be a lien on said premises, and may be included in any decree ordering the sale of said premises and taken out of the proceeds of any sale thereof." The trust deed also provided for $100 as an attorney's fee in case of foreclosure. This court held that the provision for the $100 fee was intended to cover fees for the foreclosure of the trust deed and was the maximum amount which could be allowed for such services, but that the other clause related to costs and attorney's fees incurred in suits other than the foreclosure proceeding.

Defendants in error claim, and the court below allowed, attorney's fees in three suits or proceedings besides the fees

allowed for foreclosing the trust deeds. One of these suits was a bill for a mechanic's lien on the property covered by the trust deeds, to which defendants in error were made parties defendant, the bill averring that they had or claimed some interest in the premises, but that such interest, whatever it might be, was subordinate to the mechanic's lien. This suit was successfully defended and resulted in defeating the claim for the lien. (*Brown v. Schintz,* 202 Ill. 509.) Defendants commenced and prosecuted to a successful termination an ejectment suit in the name of the trustee for the recovery of the possession of the premises conveyed by the trust deeds. (*Brown v. Schintz,* 203 Ill. 136.) Judgments were confessed on the notes under a power of attorney appended thereto, which were afterwards, on motion of the plaintiffs in error, opened up and pleas were permitted to be filed. This proceeding had not been terminated when the bill was filed in this case. These were the suits or proceedings in which the costs and attorney's fees were incurred which were allowed to defendants in error in this foreclosure proceeding. In the aggregate the fees and costs amount to a considerable sum, but we cannot say that any of them are unreasonable or were unnecessarily incurred. If it works a hardship on plaintiffs in error, it may be said, as was said by the court in *Clawson v. Munson,* 55 Ill. 394: "We can only say that the appellants provided, by their express agreement in the mortgage, for all the consequences that have followed, in case of default in prompt payment, and that they could have avoided all hardships by paying the notes at maturity. It is not in the power of the court to relieve a party from the force and consequences of his own agreement."

Finding no error in the record the judgment of the Appellate Court is affirmed.                    *Judgment affirmed.*