[Civ. No. 2392. Third Appellate District.—January 31, 1922.]

FREDERICK HEWLETT et al., Appellants, v. C. W. EVANS et al., Respondents.

[1] ADVERSE CLAIM—RECONVEYANCE UNDER TRUST DEED—PAYMENT OF LESSER SUM—RIGHT OF ASSIGNEE—MAINTENANCE OF ACTION.— Where the grantors under a deed of trust given to secure the payment of a promissory note made a claim of right to redeem the property upon the payment of a lesser sum than provided in the note, the assignee of the note had the right under section 1050 of the Code of Civil Procedure to bring an action to determine the validity of such adverse claim.

[2] ID.—EXPENSES AND ATTORNEY'S FEES—RECOVERY UNDER TRUST DEED.—Under a trust deed given to secure the payment of a promissory note which authorized the holders at the cost of the grantors to prosecute any adverse claims and that the deed should secure all money laid out and expended by virtue thereof, the assignee had the right to bring an action for expenses and attorney fees incurred and expended in successfully prosecuting an action brought by him to determine the validity of a claim of the grantors of the right to a reconveyance upon payment of a lesser sum than provided for in the note.

APPEAL from a judgment of the Superior Court of Stanislaus County. J. C. Needham, Judge. Reversed.

The facts are stated in the opinion of the court.

Edward C. Harrison and Maurice E. Harrison for Appellants.

L. J. Maddux for Respondents.

FINCH, P. J.—The defendants' demurrer to the complaint, on the ground that the facts stated therein do not constitute a cause of action, was sustained without leave to amend and judgment was thereupon entered in favor of the defendants for costs.

From the allegations of the complaint it appears that on July 27, 1917, the defendants executed and delivered their promissory note for $16,000, payable three years after date, to R. O. Hobson and, as security for the payment thereof, made and delivered to Joseph F. Carlston and Harry A.

Mosher, as trustee, a deed to certain lands. November 14, 1917, Hobson assigned the note and security to plaintiffs. "On or about the 8th day of July, A. D. 1918, said defendants herein made known to said plaintiffs a claim on the part of said defendants, adverse to said plaintiffs, to a right to redeem the real property described in said deed of trust, upon the payment to them of a sum of money less, to the extent of $7,060.50 than the principal sum of said note, basing such claim upon the fact alleged by them that the consideration of said note had failed to the extent of said sum of $7,060.50; that the claim so asserted by said defendants herein was without any right or foundation whatever, notwithstanding which, however, it affected and clouded the said plaintiffs' right and title to said land and the merchantability of said note in their hands, and prevented and obstructed their alienation thereof. That on the 18th day of November, 1918, said plaintiffs herein instituted, in the Superior Court of the State of California, in and for the County of Butte, an action, as plaintiffs, against said defendants herein and R. O. Hobson, as defendants, praying for the judgment of the said last named court against all said defendants to the effect that said plaintiffs had a good and valid lien under said deed of trust upon all the said real property therein described, securing the payment to them of the full amount of said promissory note, and all other moneys stated in and by said deed of trust to be thereby secured." The defendants appeared and contested the action. The court rendered judgment in favor of the plaintiffs as prayed for. In the prosecution of the action the plaintiffs "were compelled to and did incur and pay sums of money amounting in all to the sum of $492.99. On the 27th day of July, 1920, the defendants paid the plaintiffs the principal and interest of said promissory note but refused to pay the aforesaid expenses of said action." At that time "it was agreed between said plaintiffs and said defendants that the delivery by said plaintiffs of said note and deed of trust, together with reconveyance of the property described in said deed of trust then and there made to said defendants by said plaintiffs, was and should be without prejudice to said plaintiffs' claim under said deed of trust to reimbursement of the expenses aforesaid." It is further alleged that under the terms of the deed of

trust the plaintiffs are entitled to the further sum of $200 as counsel fees. The deed of trust provides: "Said R. O. Hobson and said trustees, or the survivor of them their successors and assigns, are also hereby authorized at such times as they see fit, without notice to and at the cost of said grantors, to prosecute, resist, compromise, purchase and settle any adverse suits, taxes, liens, encumbrances or claims . . . and otherwise perform all other covenants herein agreed to be performed by said grantors.

"And these trusts shall continue as security . . . for all money laid out and expended by virtue hereof . . . and also for the sum of $200 . . . as counsel fees, which shall become due and payable to said trustees, or the survivor of them, their successors or assigns, upon default made or suffered by said grantors in any of the matters aforesaid."

Respondents advance two grounds in support of the judgment. First, "that the plaintiffs had no right to bring, upon such a flimsy basis, an action and to claim any expenses or attorney's fees" incurred therein. Secondly, "that the plaintiffs have no right to bring another action for expenses and attorney's fees. That these expenses and attorney's fees should have been litigated and settled in the first case. That appellants have no right to split their cause of action." ·

[1] Respondents cannot consistently maintain that the first action was brought upon a "flimsy basis." They appeared in that action and contested plaintiffs' right to payment of the full amount of the promissory note therein involved. The court adjudged that their claim was unfounded. The judgment rendered was a determination that plaintiffs' cause of action was well founded. That determination cannot be reviewed here. It may be remarked, however, that the natural effect of the claim made by the defendants was to lessen the market value of the plaintiffs' promissory note and security. Such claim furnished sufficient ground for the action. (*Ayres* v. *Bensley*, 32 Cal. 628.)

The plaintiffs were obligated by the trust deed to reconvey the property described therein upon payment of the indebtedness secured. The claim made by the defendants was in effect that the plaintiffs were obligated to make such reconveyance upon payment of a sum less than the

face value of the note. Section 1050 of the Code of Civil Procedure provides: "An action may be brought by one person against another for the purpose of determining an adverse claim, which the latter makes against the former for money or property upon an alleged obligation." If the defendants had claimed that the plaintiffs were obligated to reconvey without payment of any sum, then the foregoing section would have been clearly applicable. No reason appears why it is not equally applicable where the claim is of the right to a reconveyance upon payment of less than the amount actually secured.

[2] The trust deed authorized the holders thereof, at the cost of the defendants, to prosecute any adverse claims and provided that it should secure "all money laid out and expended by virtue hereof." It is axiomatic that the plaintiffs were entitled to recover in some manner all reasonable and necessary expenditures made by them under the authority of the trust deed. Respondents do not contend to the contrary but, in addition to their contention that the first action was unnecessary, they urge that, if the plaintiffs were entitled to recover such expenditures, they should have litigated their claim thereto in the action in which the same were incurred. If expenses had been incurred in an action, authorized by the trust deed, against a stranger, the plaintiffs could have enforced payment thereof in the same manner as of the principal debt. (*Huber* v. *Brown,* 243 Ill. 274 [90 N. E. 748]; *Williams* v. *Prioleau,* 123 Ark. 156 [184 S. W. 847]; 27 Cyc. 1077, 1779. See, also, *Jones* v. *Baxter,* 51 Cal. App. 589 [197 Pac. 361].) No authority is cited and none has been discovered for the application of a different rule where the adverse claim is made by the mortgagor or grantor. At the time of rendition of the judgment establishing plaintiffs' rights under the trust deed it was impossible to ascertain the total costs and expenses which would be incurred. In the event of an appeal from that judgment the plaintiffs would have been put to additional expense for attorney's fees which could not have been taxed as costs on appeal. A judgment for the expenses incurred in that action would have created a lien on the land conveyed by the trust deed, but the trust deed itself created a lien on the same land for the same expenses, and

no reason appears why such lien may not be enforced in the same manner as that of the principal debt.

If it be contended that the plaintiffs should have caused the property to be sold to satisfy the whole amount secured by the trust deed, including the expenditures claimed, and that failure to do so constitutes a splitting of plaintiffs' cause of action, the answer is that the defendants agreed that the acceptance of payment of the principal debt and the reconveyance of the property should not prejudice "plaintiffs' claim under said deed of trust to reimbursement of the expenses aforesaid."

Plaintiffs' demand for counsel fees in this action is based upon the express provision of the trust deed that the same shall become due and payable "upon default made or suffered by said grantors in any of the matters aforesaid." Failure of the defendants to pay the amount of such expenditures so secured by the trust deed constituted such a default as to entitle the plaintiffs to recover counsel fees in this action to enforce such payment.

The judgment is reversed, with direction to the trial court to overrule the defendants' demurrer to the complaint.

Burnett, J., and Hart, J., concurred.