[Civ. No. 6679.   Third Dist.   Dec. 12, 1941.]

CLARA H. MARTIN, Appellant, v. ANDREW A. GIBSON et al., Respondents.

450

Pillsbury, Madison & Sutro, Marshall P. Madison and Everett A. Mathews for Appellant.

Brown & Ford for Respondents.

TUTTLE, J.—This is an action to foreclose a mortgage. The complaint was filed on May 8, 1930. On April 12, 1932, the defendants filed the following answer:
"Now come defendants Andrew A. Gibson, Ruth B. Gibson and Emma G. Trebilcot, and for answer to plaintiff's complaint on file herein admit each, every and all of the allegations in said complaint contained. Wherefore, having fully answered said complaint said defendants pray for such relief therein as they are entitled to by law."
On May 15, 1939, defendants filed a notice of motion to dismiss under section 583 of the Code of Civil Procedure on the ground that the action had not been brought to trial within five years after the filing of defendants' answer. On July 18, 1939, the superior court entered an order granting the motion. Plaintiff appeals from said order.
The portion of said section which appears to be applicable to the situation reads as follows:
"Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended."
Appellant contends that the foregoing provision is not applicable where the record shows that a trial has been dispensed with, and there can therefore *be no trial.* We think appellant has properly construed the law. A trial,

within the meaning of said section, is a determination of the issues of fact. (*Perrin* v. *Miller,* 35 Cal. App. 129 [169 Pac. 426].) Here defendants admitted that all the facts set forth in the complaint were true. In effect, they agreed that there should be no trial. It must be remembered that the motion here is not based upon want of prosecution, but upon a failure to bring the action to *trial* within five years. It is true that the court has no discretion under said section but to dismiss the action where an answer is filed and five years have elapsed since the commencement of the action. (*Allyne* v. *Superior Court,* 200 Cal. 661 [254 Pac. 564]), but it is our duty to construe the section in question "with common sense and the dictates of justice." (23 Cal. Jur., sec. 104, p. 722.) We do not believe the legislature intended to compel a dismissal where there would be no trial, the object being to expedite the administration of justice in the matter of the trial of any issues of fact. Other causes for the law's delays or the failure to diligently proceed with any action can in other respects be reached by a motion to dismiss for want of prosecution. All references to the "section" include only the portion quoted above.

It is contended that there must be a trial to determine and fix counsel fees which are fixed in the mortgage at 5 per cent of the amount found due. Defendants were not entitled to a trial upon that phase of the case. The mortgage was made a part of the complaint, and it was prayed that counsel fees be allowed in the sum of 5 per cent of the amount of the note. The following excerpt from the case of *Huber* v. *Shedoudy,* 180 Cal. 311 [181 Pac. 63], shows that the position of respondents is untenable:

"It is found that plaintiff executed the mortgage, which is equivalent to a finding that he agreed to pay a reasonable attorneys' fee for the mortgage so provided. The averment that the fee claimed was a reasonable amount is not necessary (*Carriere* v. *Minturn,* 5 Cal. 435); the attorney's fee was not the cause of action, but an incident to it. (*Mulcahy* v. *Buckley,* 100 Cal. 484 [35 Pac. 144], affirming *Carriere* v. *Minturn, supra.* See, also, *Brooks* v. *Forington,* 117 Cal. 219 [48 Pac. 1073].) *Prescott* v. *Grady,* 91 Cal. 518 [27 Pac. 755], does not overrule or conflict with *Carriere* v. *Minturn, supra.* As an averment was unnecessary, so also was a finding. *The conclusion of law that defendant was*

*entitled to recover attorneys' fees rested upon the provisions of the mortgage, and the court could determine what amount would be reasonable without hearing any testimony thereon.''* (Italics added.) (Citing many cases.)

The order is reversed.

Thompson, Acting P. J., concurred.