[Civ. No. 18829.   Second Dist., Div. One.   June 9, 1952.]

OTTILIE TECHOW, Appellant, v. BARNETT POLLACK, Respondent.

Levy, Bernard & Jaffe for Appellant.

Peter T. Rice for Respondent.

DRAPEAU, J.—Plaintiff alleged in her complaint that she executed for delivery and put into escrow her promissory note for $26,750, secured by a trust deed on her real property; that by certain transactions in the escrow defendant Barnett Pollack paid her $20,000 only for her note; that the difference of $6,750 between the amount stated in the note and the amount paid was a bonus, contrary to the usury laws of the State of California.

Plaintiff prayed that the superior court determine what balance was due from her to defendant, on the basis of an original indebtedness of $20,000, without interest; that the obligation to pay the additional $6,750 be declared void; and that defendant be enjoined from enforcing collection of any greater sum.

The trial court found that plaintiff owned real property upon which she proposed to build an apartment house; that she borrowed $100,000 for the purpose, secured by a first trust deed; that the note and second trust deed were made by plaintiff to the contractor who built the building, and were by him sold and transferred to defendant for $20,000; that, together with money advanced by plaintiff, the proceeds from the first loan, and the $20,000 from the second loan were all put into escrow and paid out by the escrow holder as construction of the building progressed; that, while the financing was all in one escrow, the sale of the note and second trust deed by the builder to defendant was in the due and ordinary course of business, and the consideration was good and valid.

Judgment was for defendant, together with $1,500 for counsel fees, as provided in the note and in the trust deed. Plaintiff appeals from the judgment.

At the time of plaintiff's motion for a new trial her counsel stated: "Now may the record show that the only attack we are making is in the matter of attorneys fees." However, on appeal plaintiff argues the sufficiency of the evidence.

Plaintiff's witnesses testified to facts which if believed by the trial judge would have supported findings for her. Defendant testified that he purchased the note and second trust deed at a discount, in good faith and for value. Other testimony and facts in the record support his testimony. So, under the familiar substantial evidence rule the findings on the merits must stand. (*Harris* v. *Pollack*, 101 Cal.App.2d 26 [224 P.2d 824].)

■ Plaintiff's contention that it was error for the court to adjudge $1,500 for defendant's attorneys' fees is also untenable. Plaintiff argues that there was no evidence in the record to support the judgment and "no proof of the amount of services rendered, value thereof or obligation or agreement of the defendant to pay attorneys fees;" that defendant failed to file a counterclaim for the allowance of attorneys' fees; and that in any event attorneys' fees in such circumstances as these are not recoverable in a suit by the maker against the holder.

Defendant's answer pleads the covenant in the note for attorneys' fees should action be instituted thereon. The trust deed provides for attorneys' fees, "in the event beneficiary shall appear in an action wherein the security of the deed of trust or the rights or powers of the beneficiary are affected." So no counterclaim was required, and the judgment was properly rendered.

■ Attorneys' fees may be recovered where the adverse claim is made by the mortgagor or grantor. (*Hewlett* v. *Evans*, 56 Cal.App. 344 [205 P. 492].) ■ A finding that a mortgage was executed is equivalent to a finding that the mortgagor agreed to pay a reasonable attorneys' fee if so provided in the mortgage. The conclusion of law that defendant was entitled to recover attorneys' fees rests upon the provisions of the mortgage, and the court could determine what amount would be reasonable without hearing any testimony thereon. (*Martin* v. *Gibson*, 48 Cal.App.2d 449 [119 P.2d 1012]; *Hellier* v. *Russell*, 136 Cal. 143 [68 P. 581]; *Huber* v. *Shedoudy*, 180 Cal. 311 [181 P. 63].)

The judgment is affirmed. Appeal from order denying motion for new trial is dismissed.

White, P. J., and Doran, J., concurred.