[Civ. No. 16988. First Dist., Div. One. Nov. 26, 1956.]

GILBERT W. SMITHERS, Respondent, v. ADOLPH J. EDERER, Appellant.

Leo J. Walcom and John T. Harmon for Appellant.

J. W. Jackson and Bergen Van Brunt for Respondent.

AGEE, J. pro tem.*—Defendant appeals from a summary judgment granted more than five years after the commencement of the action and over the objection of defendant who contended that dismissal of the action was mandatory under section 583 of the Code of Civil Procedure.

The action was filed on June 15, 1949. It alleged that plaintiff had loaned defendant $5,000 and prayed for judgment in this amount plus interest from November 26, 1947. The defendant alleged in his answer that plaintiff had advanced the $5,000 as an investment in a theatrical production being produced by defendant; that their understanding was that if said production was successful, plaintiff was to receive back the $5,000, without interest, plus a one-half interest in the profits; that if the production was unsuccessful, plaintiff was to get back $2,500 only, without interest; that the production was unsuccessful and, as the result, defendant was indebted to plaintiff in the sum of $2,500, without interest. Defendant prayed "that plaintiff have judgment only for the unpaid indebtedness admitted herein."

On July 27, 1954, defendant filed a motion to dismiss on the ground that the action had not been brought to trial within five years after being filed. (Code Civ. Proc., § 583.) While this motion was pending plaintiff filed a motion for

*Assigned by Chairman of Judicial Council.

judgment in the amount of $2,500 which defendant admitted was owing and for an order severing the remainder of the claim and ordering the action to proceed as to such remainder. (Code Civ. Proc., § 437c, last paragraph.) In his motion plaintiff stated that if the court was of the opinion that a trial could not be had as to the remaining amount claimed by him, he waived ''all claim and demand for judgment over the amount of money that the defendant has admitted by his verified affidavit and answer is now due, owing and unpaid to the plaintiff.'' The court thereupon granted plaintiff a judgment for $2,500 but denied his motion to proceed as to the remainder of such claim. It also denied defendant's motion to dismiss. The minute order entered by the court refers to plaintiff's waiver of any additional claim. It is apparent that the court accepted such waiver upon the condition specified by plaintiff, i.e., that the court was of the opinion that a trial could not be had as to any disputed issue. Such an opinion must necessarily rest upon section 583 of the Code of Civil Procedure, which provides that an action shall be dismissed unless it is brought to trial within five years after being filed. Thus, although the record shows a denial of defendant's motion under section 583, which was addressed to the entire action, the effect of the court's order was to dismiss and terminate the action except as to the amount which defendant had admitted in this answer was due and owing.

There can be no question that plaintiff was entitled to a judgment for $2,500 at any time after defendant filed his answer and within five years after the action was filed. The only question is whether the court had any right to grant such judgment after the five years had expired, in view of the provisions of section 583 of the Code of Civil Procedure.

As to that portion of the action that was not in dispute, the court was faced with the same situation as that in *Martin* v. *Gibson,* 48 Cal.App.2d 449 [119 P.2d 1012]. There the plaintiff filed an action to foreclose a mortgage. The answer admitted all of the allegations of the complaint. When more than five years had elapsed after the filing of the complaint, the defendants moved under section 583 to dismiss the action and the trial court granted the motion. On appeal, the judgment of dismissal was reversed. It was held that the defendants by admitting all the facts alleged in the complaint agreed that there should be no trial. It should be noted that, in the instant case, the plaintiff was not allowed to go

to trial as to that portion of the action which was in dispute. Instead, he was given judgment only for that portion of his claim that did not necessitate a trial in the light of defendant's answer and his prayer therein that plaintiff have judgment for the amount admitted to be due. By his answer defendant in effect waived a trial as to such amount and he cannot complain if the judgment is the one which he asked to have rendered.

In *Martin* v. *Gibson, supra,* the court said, at page 451, that section 583 of the Code of Civil Procedure should be construed " 'with common sense and the dictates of justice.' (23 Cal.Jur., § 104, p. 722.) We do not believe the legislature intended to compel a dismissal where there would be no trial, the object being to expedite the administration of justice in the matter of the trial of any issues of fact.''

Plaintiff has called attention to certain judicially created exceptions to the application of the mandatory provisions of section 583, such as in *Christin* v. *Superior Court,* 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153] (trial delayed because of undetermined appeal from motion granting change of venue) and *Rose* v. *Knapp,* 38 Cal.2d 114 [237 P.2d 981] (trial delayed because the result depended upon the determination in another proceeding). ■ These cases demonstrate that the dismissal provision of section 583 is not inflexible and that it is subject to implied exceptions. Plaintiff has set forth in great detail why the instant action was not brought to trial within five years. The main reasons were that plaintiff was a marine engineer and was almost continuously at sea on ships transporting war materials to Korea and later to Indo-China and, when he was in port in San Francisco, defendant's counsel was always engaged in another trial. However, we do not think the factual situation presented here warrants a holding that proceeding to trial would have been ''impossible, impracticable or futile.'' (Chief Justice Gibson in *Rose* v. *Knapp, supra,* at p. 117.) The best that can be said is that it might have been impractical. We prefer to base our decision on the ground that the judgment rendered is the one which the defendant expressly consented to in his answer and that it was one which could be rendered without a trial or hearing on disputed issues. (*Martin* v. *Gibson, supra.*)

■ The minute order entered by the trial court correctly did not include interest on the $2,500. In fact, plaintiff did not request interest in his motion for judgment. The formal judgment later signed erroneously included interest from

July 15, 1949. The defendant's answer pleaded an agreement that the debt was "without interest." This presented a triable issue and the court had denied plaintiff's motion to proceed with the action as to the disputed issues. The judgment should be limited to the amount not necessitating a trial. (*Martin* v. *Gibson, supra.*) Interest on the $2,500 should be allowed only from the time of entry of judgment.

The judgment is modified by striking therefrom the provision for interest prior to the entry of judgment. As so modified, the judgment is affirmed, each of the parties to bear his own respective costs on appeal.

Peters, P. J., and Wood (Fred B.), J., concurred.