[Civ. No. 3510.   First Appellate District, Division One.—September 23, 1920.]

CITY INVESTMENT COMPANY (a Corporation), Appellant, v. EDWARD J. PRINGLE et al., as Executors, etc., Respondents.

[1] ATTORNEY'S FEES—PROVISION IN LEASE—ACTION TO RECOVER RENT AND POSSESSION—ALLOWANCE AS "COSTS."—Attorney's fees are not recoverable as "costs" in an action to recover unpaid rent and possession of real property under a provision of the lease upon which the action was founded providing that in the event the lessors shall commence an action against the lessee for the enforcement of any of the conditions of the lease and judgment shall be rendered in favor of the lessee, the lessors will pay to the lessee the cost and expense of the action, including a reasonable attorney's fee.

[2] ID.—RECOVERY ON CONTRACT.—Where the right to attorney's fees is based upon contract and not upon statute, recovery must be had upon the contract, and such fees cannot be taxed as costs.

[3] ID.—SPECIAL DAMAGE—PLEADING.—Attorney's fees provided for in a contract are in the nature of special damage and must be specially averred in order to admit of their recovery.

[4] ID.—OBJECT OF PROVISION.—The object of a provision for attorney's fees in a contract is to reimburse a party for sums he pays, or becomes liable to pay, as attorney's fees.

APPEAL from a portion of a judgment of the City and County of San Francisco awarding costs. J. J. Van Nostrand, Judge.   Modified and affirmed.

The facts are stated in the opinion of the court.

Charles S. Wheeler, John F. Bowie, Nathan Moran, Moran & Heer and A. A. Heer for Appellant.

Charles A. Christin and Hutchinson, Van Fleet & Christin for Respondents.

49 Cal. App.—23

KINSELL, J., *pro tem.*—Action was brought to recover unpaid rent and possession of certain real property. Demurrer to complaint was sustained. Amended complaint was filed and defendants, Edward J. Pringle and Sydney J. Pringle, as executors of the last will and testament of William B. Pringle, deceased, moved to strike out the same. This motion was granted. Thereafter, before any further pleadings were filed, appellant filed a voluntary dismissal of the action, which was duly entered.

Defendant executors then filed a memorandum of costs, claiming an appearance fee of three dollars and "Attorney's fee, fixed as costs, $350." None of the other defendants filed any memorandum of costs. Appellant moved to tax costs, the grounds of the motion being:

1. That no attorney's fee is chargeable or taxable *as costs* against plaintiff under the terms of the contract of lease involved in the action.

2. That no amount has been fixed or liquidated as a reasonable attorney's fee.

3. That it does not appear that the sum of $350, or any sum, has been incurred by the said defendants in the said action.

The motion was supported by an affidavit, from which it appears that in the lease upon which the action was founded it was agreed as follows: "That in the event that the lessors, their successors or assigns, shall commence an action against the lessee for the enforcement of any of the provisions or conditions in the lease, and if judgment in said action shall be rendered in favor of the lessee and against the lessors, their successors or assigns, then and in that event the lessors, their heirs or assigns, will pay to the lessee the cost and expense of said action, including a reasonable attorney's fee, which said fee shall not in any event exceed the sum of $350 gold coin of the United States."

Testimony was taken on the hearing of the motion to tax costs, and the motion was denied, whereupon the court signed and filed a judgment of dismissal which provided: " . . . that judgment be given in favor of defendants and against the plaintiff, and that said defendants have their costs, taxed at $——."

The clerk inserted therein the amount of the costs at $353. The appeal is prosecuted from the portion of the judgment awarding costs.

[1] The real question presented is whether attorney's fees provided for in a contract can be allowed "as costs." It is our opinion that they cannot, and that the inclusion of the attorney fee of $350 in the present judgment is error. It must be conceded that the right to allowance of costs is purely statutory. While in certain specified cases attorney's fees may by statute be made allowable as costs, this cause does not come within the purview of any such statute. [2] Where the right to attorney's fees, as in this case, is based upon contract and not upon statute, recovery, if at all, must be had upon that contract, and such fees cannot be taxed as costs. (Code Civ. Proc., sec. 1021.) [3] Attorney's fees provided for in a contract have been held to be in the nature of special damage,. and must be specially averred in order to admit of their recovery. (*Prescott* v. *Grady,* 91 Cal. 518, [27 Pac. 755].)

In the case of *Brooks* v. *Forington,* 117 Cal. 219, [48 Pac. 1073], action was brought to foreclose a mortgage. The defendant defaulted. The mortgage provided that in the event of foreclosure the mortgagee might retain from the proceeds of the sale costs and charges of suit, "including counsel fees." The prayer of the complaint asked for principal and interest "and for costs of suit," and prayed for general relief, but did not in terms ask an award of counsel fees. The trial court made plaintiff an allowance for counsel fees. In deciding, on appeal, whether such allowance was proper the court said: "Counsel fees are not costs or disbursements in the action allowed by the statute to the prevailing party. (Code Civ. Proc., sec. 1021.) Nor when provided for by the terms of the contract is such charge deemed a part of the costs or recoverable as such, but is in the nature of 'a special damage, expressly authorized by the contract, to be recovered in addition to the general damages'; and must be expressly averred, with the right in defendant to defend specially against its allowance."

Irrespective of the evidence adduced, therefore, it is our opinion that counsel fees were not properly allowable as costs.

But even if we concede that such fees might be allowed "as costs" it appears affirmatively that the defendant executors had neither paid nor become obligated to pay any attorney's fee. On the hearing of appellant's motion to tax costs Edward J. Pringle, one of the executors, testified that after the commencement of the action the attorney for other defendants requested that he be allowed to defend the action in the name of the executors; that Pringle told him that he would consent to such proceeding "only upon the express understanding and agreement that his so acting would be without any expense or liability on the part of the estate or the executors, either in their official or individual capacities." This was not denied.

[4] The object of a provision for attorney's fees in a contract is to reimburse a party for sums he pays, or becomes liable to pay, as attorney's fees. As was said in *Bank of Woodland* v. *Treadwell*, 55 Cal. 379, the allowance of attorney's fees is not to afford an opportunity, under cover of the name, for a speculation on the part of the creditor, but is to reimburse him in a proper amount for a sum which he pays or becomes liable to pay, or to relieve him from the burden of paying counsel fees.

Accordingly, that portion of the judgment appealed from, in so for as it relates to counsel fees, should be modified, and since the respondents other than the executors waived their costs through failure to file memoranda of costs, such portion should be modified so as to provide that judgment be given in favor of defendants and against the plaintiff, and that said defendants, Edward J. Pringle and Sydney J. Pringle, as executors of the last will and testament of William B. Pringle, deceased, have their costs taxed at three dollars. As so modified let the judgment stand.

The cause is remanded, with directions to the trial court to modify its judgment accordingly, appellant to have its costs on appeal.

Richards, J., and Waste, P. J., concurred.