[Civ. No. 4296. Fourth Dist. July 25, 1952.]

M. H. GOLDEN CONSTRUCTION COMPANY (a Corporation), Appellant, v. EL CENTRO PROPERTIES, INC. (a Corporation), Respondent.

H. G. Sloane and H. M. Fisher for Appellant.

Sanner, Fleming & Irwin, Bundy Colwell and Thomas J. Madden for Respondent.

MUSSELL, J.—Plaintiff appeals from a judgment rendered upon the issues raised in the second cause of action in a complaint to recover money allegedly due plaintiff under the terms of contracts in which plaintiff agreed to construct certain buildings on real property in El Centro and to build and complete sewers, roads, curbs and paving in connection therewith.

It was alleged in the first cause of action that on January 9, 1948, plaintiff and defendant entered into a written agreement by the terms of which plaintiff agreed to build 62 single units, 30 double bungalows and build and complete sewers, roads and paving; that defendant promised and agreed to pay plaintiff the overall cost of the 60 single units, together with one-third of the net profits to be derived from the sale thereof and the overall cost of the 30 double bungalows, together with 10 per cent of such cost; that all of the units and bungalows were completed and accepted by defendant on or before November 1, 1949; that after deducting payments made by defendant, there was an unpaid balance due plaintiff of $104,939.92, which said sum defendant refused to pay. All of the allegations of the first cause of action were incorporated in the third, fourth, fifth and sixth causes of action, which were added to the complaint by amendment. In the third cause of action a submitted statement of accounts was alleged showing the amount payable by defendant. In the fourth cause of action an agreed balance of the account was pleaded and in the fifth cause of action it was alleged that plaintiff submitted to defendant its written statement of account; that plaintiff accepted the amount stated therein, which amount had not been paid. In the sixth cause of action it was alleged that all of the 62 single unit houses had been sold and that defendant refused to make settlement of the net profits from such sales; that a balance of $10,000 remained due and unpaid thereon.

The second cause of action was for declaratory relief. It incorporated the basic allegations of the first cause of action and set up by reference exhibits consisting of instruments in writing, copies of minutes of defendant's directors' meetings

and of its annual meetings of stockholders, which, it was alleged, amounted to an account stated between the parties.

Plaintiff's prayer for relief was that the court declare the rights and duties of plaintiff and defendant under and by virtue of a proxy agreement, the account stated and the corporate accounts of defendant; that judgment be rendered in favor of plaintiff for the sum of $104,939.92; that the court confirm the authority of certain directors and officers to sell the corporate assets of defendant and to apply the proceeds to the payment of said sum to plaintiff and that an injunction be issued restraining the defendant from the exercise of all corporate acts except through certain officers and directors.

Defendant answered and filed a cross-complaint alleging unsatisfactory construction of the buildings and unnecessary expense due to the fault of plaintiff. Damages against the plaintiff were prayed for in the sum of $240,000.

The trial court granted a motion by plaintiff to withdraw from jury trial all issues presented by the second cause of action. It was then ordered that the action proceed to trial first on the issues presented by the second cause of action and that any remaining issues be submitted to a jury. Trial was had without a jury on the issues raised in the second cause of action and judgment was rendered thereon on August 17, 1951. It was ordered, adjudged and decreed therein that the proxy agreement attached to the complaint was revokable and that the same was duly revoked on or about March 28, 1950, and thereafter had no further force or effect; that all corporate proceedings purportedly exercised by the holders of said proxy acting on behalf of the stockholders and as directors of defendant corporation subsequent to March 28, 1950, are a nullity and are of no force or effect; and that plaintiff is entitled to no recovery by its second cause of action.

On July 9, 1951, a jury was empaneled and a trial was had on the issues raised by the first, third, fourth, fifth and sixth causes of action and defendant's cross-complaint, resulting in a verdict in favor of the plaintiff and against the defendant in the sum of $61,250. Judgment was entered thereon on July 25, 1951, and on September 5, 1951, plaintiff caused execution to be issued and collected the full amount of such judgment with interest and costs. On November 20, 1951, plaintiff filed satisfaction of said judgment and no appeal has been taken therefrom.

The defendant, El Centro Properties, Inc., a corporation, now moves to dismiss the appeal taken from the judgment

rendered on the second cause of action on the grounds that the appeal is moot; that it appears from the settled statement on appeal and from appellant's opening brief that appellant has by virtue of the satisfaction of its judgment entered in the court below, pursuant to the verdict of a jury, been repaid in full for all sums of money described in the proxy agreement, the interpretation of which is the subject matter of this appeal; that the verdict of the jury determined the exact amount of the undetermined sum of money mentioned in said proxy agreement, which, when paid, would terminate the proxy; that the satisfaction of the judgment entered upon said verdict terminated the proxy agreement *ipso facto* regardless of whether or not the prior and express revocation of said proxy was legally effective.

It is a settled rule that the voluntary acceptance of the benefit of a judgment or order is a bar to the prosecution of an appeal therefrom. The rule has no application where the benefits accepted are such that appellant is admittedly entitled to them or would not be affected or put in jeopardy by the appeal. (*Schubert* v. *Reich,* 36 Cal.2d 298 [223 P.2d 242]; *Stein* v. *Simpson,* 37 Cal.2d 79, 87 [230 P.2d 816].) Plaintiff claims to be within this exception to the general rule and argues that the acceptance of the amount found due by the jury does not bar an appeal from the judgment entered on the issues presented in count two of the complaint. In support of this argument, plaintiff cites *Clarke* v. *Angelus Memorial Assn.,* 14 Cal.App.2d 750 [58 P.2d 974]; *Harrold* v. *Harrold,* 100 Cal.App.2d 601, 604 [224 P.2d 66]; and *Cohen* v. *Cohen,* 102 Cal.App.2d 624 [228 P.2d 54], which state the general rule that a voluntary acceptance of the benefits of a judgment is a bar to the prosecution of an appeal therefrom and that the rule has no application where the benefits accepted are such that appellant is admittedly entitled to them or would not be affected or put in jeopardy by the appeal. However, in the instant case the defendant did not admit that plaintiff was entitled to the amount awarded by the jury and the judgment and plaintiff is not appealing from the judgment which determined the amount of money plaintiff was entitled to under the building contracts involved. We are not here concerned with the question whether plaintiff is barred from an appeal from that judgment.

Plaintiff takes the position that there is one judgment—two parts of the same controversy—and that plaintiff has appealed from the portion of the judgment which denies

plaintiff full recovery of the amount acknowledged to be due plaintiff by the directors of the defendant corporation.

Defendant contends that the acts of the board of directors in acknowledging the amount of the indebtedness due were void by reason of the revocation of a proxy agreement dated January 18, 1949. In this writing the El Centro Properties, Inc., agreed that it was indebted to the Golden Construction Company for moneys advanced for subdivision improvements and construction' work; that the Golden Construction Company was authorized to designate a majority· of the board of directors of El Centro Properties, Inc., until such time as said obligation was retired and that the proxy should be effective until Golden Construction Company was repaid in full for moneys advanced.

The trial court found that an actual controversy existed relative to the legal rights and duties of the parties under and by virtue of the proxy agreement and that the action insofar as it affected said issues was a proper action for declaratory relief; that any and all allegations remaining in the second cause of action relative to the existence of an account stated between plaintiff and defendant constituted legal issues to be tried before a jury; and for that reason no findings were made relative thereto. Judgment was then entered on the second cause of action decreeing that the proxy agreement was revocable and was revoked on or about March 28, 1950, and that all corporate proceedings thereafter exercised by the proxy holders were of no force and effect.

It is apparent from the record before us that a plaintiff in its complaint sought recovery of money allegedly due it under the terms and conditions of the construction contracts and that the determination of the amount due to the plaintiff was specifically reserved for consideration by a jury. Plaintiff having accepted the amount found due by the jury under the terms of the contracts, issued an execution therefor, collected the money and did not appeal from the judgment entered pursuant to the verdict. The question now is whether the appeal taken from the judgment rendered on the second cause of action is moot. If we accept the position taken by the plaintiff that there is but one judgment (two parts of the same controversy) it then becomes necessary to consider · the effect of the appeal from a portion of the judgment.

This question was passed upon in *American Enterprise, Inc.* v. *Van Winkle,* 39 Cal.2d 210 [246 P.2d 935], wherein it is stated that the well recognized rule is that there may

be an appeal from a part of a judgment only if that part is severable; that the test of whether a portion of a judgment appealed from is so interwoven with its other provisions as to preclude an independent examination of the part challenged by the appellant is whether the matters or issues embraced therein are the same as, or interdependent upon, the matters or issues which have not been attacked (citing cases); that in order to be severable, and therefore appealable, any determination of the issues so settled by the judgment must not affect the determination of the remaining issues whether such judgment or appeal is reversed or affirmed. Applying this rule to the situation presented by the record before us, we conclude that the part of the judgment appealed from is not severable from the judgment or portion thereof which became final. Plaintiff was bound by the verdict of the jury and judgment determining the amount due it under the terms of the contracts. This issue was submitted by plaintiff to the jury and its decision was accepted by plaintiff by collecting the judgment and failing to appeal therefrom. Plaintiff's cause of action is the obligation sought to be enforced under the terms of the construction contracts. (*Panos* v. *Great Western Packing Co.*, 21 Cal.2d 636, 638 [134 P.2d 242].) The validity and binding effect of those contracts, as well as the amount due plaintiff under the terms thereof, were litigated and determined in a trial before a jury. Judgment entered in that proceeding is binding on plaintiff. ▮ As was said by this court in *Denio* v. *City of Huntington Beach*, 74 Cal.App.2d 424, 431 [168 P.2d 785]:

"It is well settled that a judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties or their privies whenever the existence of that fact is again in issue between them, not only when the subject-matter is the same, but when the point comes *incidentially* in question in relation to a *different* matter in the same or any other court. (Freeman on Judgments, secs. 249 and 253; *Lamb* v. *Wahlenmaier*, 144 Cal. 91 [77 P. 765, 103 Am.St.Rep. 66]; *Reed* v. *Cross*, 116 Cal. 473, 484 [48 P. 491]; *Atchison T. & S. F. Ry. Co.* v. *Nelson*, 220 F. 53 [135 C.C.A. 621].) That is to say, 'a matter of fact once adjudicated by a court of competent jurisdiction, concurrent or exclusive, may be relied upon as an estoppel in any subsequent collateral suit in the same or any other court, at law, in chancery, in probate or in admiralty, when either party, or the privies of either party, allege anything inconsistent with it, and this too

whether the subsequent suit is upon the same or a different cause of action. The facts decided in the first suit cannot be disputed.' (Bigelow on Estoppel, pp. 110, 111, 112; *Rauer* v. *Rynd*, 27 Cal.App. 556 [150 P. 780].)''

Since only abstract questions are presented by the appeal from the judgment entered in the second cause of action, the appeal therefrom has become moot and the proper course is to dismiss the appeal. (*Childress* v. *L. Dinkelspiel Co.*, 203 Cal. 262, 263 [263 P. 801]; *Bertino* v. *Sanborn*, 136 Cal.App. 247 [28 P.2d 689].)

The appeal is dismissed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied August 15, 1952.