[Civ. No. 4670.   Fourth Dist.   Feb. 17, 1954.]

SADIE P. STUBBLEFIELD et al., Appellants, v. C. A. FICKLE et al., Respondents.

Marion A. Smith and Robert L. Trapp for Appellants.

No appearance for Respondents.

BARNARD, P. J.—On October 28, 1948, the appellants executed an oil and gas lease in favor of the respondents Fickle, Hink and David. The lease provided, among other things, that the lessees should be obligated to drill upon the premises;

that their interest might be forfeited for a violation of any of the terms of the lease; that upon any quitclaim, termination or surrender of the lease the lessees would restore the land to the lessors free of the cloud of this lease and of any encumbrances made, done or suffered by the lessees; and that, in the event any action should be brought to quiet title as against any such clouds, the lessees would pay to the lessors the reasonable attorneys fees incurred whether or not said action was prosecuted to judgment.

On August 23, 1950, the appellants served notice of default, as required by the lease, demanding that respondents either commence drilling within 30 days or deliver to appellants a quitclaim deed releasing their interest, and further notifying respondents that in the event of a continued default or failure to deliver a quitclaim deed within 30 days the appellants would pursue their remedy at law for the recovery of damages and for the termination and forfeiture of the respondents' interest in this land.

The respondents paid no attention to this notice of default and the appellants brought this action on November 21, 1951. The complaint, with appropriate allegations, sought a judgment quieting the appellants' title in the land and also damages in the amount of $1,500, which was alleged to be the reasonable attorneys fees incurred in connection with the action. On December 18, 1951, Fickle, Hink and David filed a disclaimer, disclaiming any interest in the land covered by this lease, and praying that the action be dismissed as to them.

The appellants filed notice of a motion for a default judgment and for an order fixing attorneys fees as prayed for in the complaint. This motion was heard on affidavits and on respondents' contention that any recovery of attorneys fees was prevented by section 739 of the Code of Civil Procedure, which provides that where a defendant in such an action disclaims any interest in the property, or suffers judgment to be taken without answer, the plaintiff cannot recover costs. The court adopted this theory and entered a judgment quieting title to the property as prayed for, but refusing to allow any attorneys fees to the appellants. The appellants have appealed from that part of the judgment which denied any allowance of attorney fees.

The matter of attorneys fees is not considered a part of the costs referred to in section 739 of the Code of Civil Procedure, but is a matter separate and distinct therefrom.

(*Schallert-Ganahl Lbr. Co.* v. *Neal,* 94 Cal. 192 [29 P. 622].) Attorneys fees are not costs allowed by section 739 to the prevailing party. (*Brooks* v. *Forington,* 117 Cal. 219 [48 P. 1073].) ▉ In *City Inv. Co.* v. *Pringle,* 49 Cal.App. 353 [193 P. 504], it is said: "Where the right to attorney's fees, as in this case, is based upon contract and not upon statute, recovery, if at all, must be had upon that contract, and such fees cannot be taxed as costs." In *Eastman* v. *Sunset Park Land Co.,* 35 Cal.App. 628 [170 P. 642], the court said: "This conclusion results from the fact that expenditures made for attorney fees in an action based upon a contract containing a stipulation for such fees are in the nature of special damages incidental to the breach of the contract and which, according to the terms of the contract, are to be compensated for in addition to the recovery of the principal sum due."

▉ While no "principal sum" was due here, the respondents had agreed in the contract to restore the property to the appellants free from the cloud of this lease, and to pay reasonable attorneys fees if an action should become necessary to accomplish that purpose. They refused to comply with their agreement for more than a year after notice, and the disclaimer filed after the action was brought did not relieve them from their contractual obligation. Under the circumstances, the appellants were entitled to reasonable attorneys fees, and this element of the action was not covered by section 739, or barred thereby.

The portion of the judgment appealed from is reversed, and the cause remanded to the trial court for the sole purpose of taking evidence and awarding to the appellants attorneys fees in the amount found to be reasonable.

Griffin, J., and Mussell, J., concurred.