[L. A. No. 24188.   In Bank.   Oct. 23, 1956.]

SAYDE GENIS et al., Appellants, v. CLYDE A. KRASNE et al., Defendants; HARRY MARON et al., Respondents.

Dryden, Harrington, Horgan & Swartz, Jacob Swartz and Vernon G. Foster for Appellants.

Fred Horowitz, Alvin F. Howard and Amos Friedman for Respondents.

SCHAUER, J.—Plaintiffs appeal from a judgment of dismissal entered after a demurrer to their complaint was sustained without leave to amend and after plaintiffs' motions for permission to file an amendment to the complaint and for reconsideration of the sustaining of the demurrer without leave to amend were denied.

Plaintiffs, assignees of lessors, seek to recover from the assignees of lessee the amount of attorneys' fees expended by plaintiffs in successful defense of a prior action brought by the assignees of lessee. For convenience, we will refer to plaintiffs-appellants as if they were the original lessors and to defendants-respondents as if they were the original lessee.

The provision of the lease under which lessors seek recovery reads as follows: "if Lessee shall bring any action for any relief against Lessors, declaratory or otherwise, arising out of this lease, and Lessors shall prevail in such action, Lessee agrees to pay Lessors a reasonable attorney's fee which shall be taxed as part of the costs of such action."

Lessors prevailed in the earlier action but they did not in that action secure an award of attorneys' fees. In such prior action lessors (defendants there) set up a claim for attorneys' fees as a so-called affirmative defense; at the close of the first trial of the prior action lessors were allowed attorneys' fees as if they were costs, but on lessee's motion to tax costs the item for attorneys' fees was stricken; on the second trial of the prior action lessors, so far as their complaint discloses, over the objection of opposing counsel and without the consent of the court, announced their intention of "requesting this court to proceed in a separate proceeding to, if necessary, hear evidence as to the amount of any attorneys' fees which should be allowed, or to seek the recovery of that by way of an independent action."

We have concluded that the contract (lease) upon any reasonable construction requires that attorneys' fees be recovered, if at all, as if they were costs in the prior action. In this connection it is to be observed that plaintiffs' complaint in this action does not allege, and plaintiffs do not

claim, that there is available to them extrinsic evidence which would permit construction of the contract other than according to the normal meaning of its language.

· The complaint, with the proposed amendment, alleges:

*The Lease*: A photostatic copy of the lease is attached to and made a part of the complaint.[1] The following provisions of the lease relate to this controversy:

·: Lessors agree to furnish janitor service. "No additional locks shall be placed upon any doors of the premises . . ."

· "Lessors shall be in no wise responsible for any loss of or damage to property from the leased premises, however occurring."

"In case Lessors shall bring suit to recover any rent due hereunder or for breach of any covenant of this lease, or to recover possession of the premises, and shall recover in the suit, or if Lessee shall bring any action for any relief against Lessors, declaratory or otherwise, arising out of this lease, and Lessors shall prevail in such action, Lessee agrees to pay Lessors a reasonable attorney's fee which shall be taxed as part of the costs of such action."

*The Facts Concerning the Prior Action by Lessee*: The complaint in the prior action alleged: The premises were leased with the provision that lessee place no additional locks upon the doors. Lessee "entrusted" the leased premises and their contents to lessors except when the premises were open for business. Lessors permitted their agents to have keys to the premises. Using these keys the agents wrongfully entered the premises and converted goods of lessee.

Issues were joined by answer of lessors. As a "ninth affirmative defense" the answer alleged that the lease contained the above quoted paragraph as to attorneys' fees and that $7,500 was a reasonable fee for the defense of the action. The answer prayed for recovery of that amount.

In the prior action lessee claimed that lessors' liability arose out of the landlord-tenant relationship and "relied upon the following facts:

"1. The fact that the lease prohibited the tenants from providing additional locks to their doors.

"2. That under the terms of the lease, the landlord retained keys to the tenant's premises and such keys were used in the theft of the tenant's property.

---

[1]Upon its face this photostat shows that the lease was made on a printed form prepared by lessors. The lease provisions quoted herein are printed provisions of the form.

"3. The duty of a landlord, upon a lease being made, to secure the tenant in the quiet enjoyment of the premises.

"4. An implied term of the lease that the landlord did not permit the use of keys retained by her to be used in the theft of the tenant's property."

The first trial of the prior action resulted in a judgment of nonsuit. Lessors included in their memorandum of costs and disbursements an item of $7,500 for attorneys' fees. On lessee's motion to tax costs that item was stricken. Lessee appealed from the judgment of nonsuit and lessors appealed from the order striking the item for attorneys' fees. The District Court of Appeal (*Maron* v. *Swig* (1952), 115 Cal. App.2d 87, 92 [251 P.2d 770]) reversed the judgment of nonsuit; it determined that, because of such reversal, the order granting the motion to tax costs was moot; therefore, it dismissed lessors' appeal from such order.

A second trial of the prior action was had before a jury. Before the matter was submitted to the jury the following occurred in chambers: Lessors' counsel said, "we are mindful of this affirmative defense. We are not to be considered as waiving it but have chosen to await the action of the jury in this case either for the purpose of then requesting this court to proceed in a separate proceeding to, if necessary, hear evidence as to the amount of any attorneys' fees which should be allowed, or to seek the recovery of that by way of an independent action." Lessee's counsel replied, "We don't consent to this procedure. I just want to make it clear that we are not consenting to such a procedure."

No evidence on the issue of attorneys' fees was offered at the second trial in the prior action, and the question of recovery of attorneys' fees by lessors was not referred to before the jury. It is alleged that the "affirmative defense" was "in fact withdrawn by . . . [lessors] at the trial of said case." But there is no allegation whether the trial court made any ruling as to the above quoted (and pleaded) colloquy of counsel, and no allegation as to whether attorneys' fees were included in lessors' memorandum of costs at the conclusion of the second trial of the prior action.

The second judgment in the prior action makes no mention of the subject of attorneys' fees. It is in the usual form of a judgment on a verdict for defendant. Such verdict and judgment in the prior action were for lessors (defendants there). Judgment became final without appeal.

The complaint in the present action further alleges: Lessors

paid $24,250 attorneys' fees for defense of the prior action. That is a reasonable sum for the professional services rendered. Under date of "January —, 1955," lessors made written demand upon lessee for such sum. The complaint shows that January, 1955, was after the judgment in the prior action became final. Lessee has not paid or offered to pay the sum or any part thereof.

■ *The Nature of Attorneys' Fees Recoverable Only by Virtue of Contract*: The texts accept the view of those cases which characterize attorneys' fees recoverable only by virtue of contract (and not as costs either by statute or by case law) as "damages." (13 Cal.Jur.2d, Costs, § 36; 14 Cal.Jur.2d, Damages, § 104; 3 Witkin, California Procedure (1954), pp. 1914-1915.) Such fees cannot be allowed a successful litigant without pleading and proof (or admission) that there is a contract provision for them. This is so whether the successful party is plaintiff (*Brooks* v. *Forington* (1897), 117 Cal. 219, 221 [48 P. 1073]; *Prescott* v. *Grady* (1891), 91 Cal. 518, 522 [27 P. 755]; *Stubblefield* v. *Fickle* (1954), 123 Cal. App.2d 325, 327 [266 P.2d 808]) or defendant (*Techow* v. *Pollack* (1952), 111 Cal.App.2d 556, 558 [244 P.2d 915]; *City Investment Co.* v. *Pringle* (1920), 49 Cal.App. 353, 355 [193 P. 504]). ■ But attorneys' fees are not like the usual item of damages, for the court may allow a reasonable attorneys' fee in the judgment without hearing evidence or making a finding as to the amount of such fee. (See *Huber* v. *Shedoudy* (1919), 180 Cal. 311, 313-314 [181 P. 63]; *Wagner* v. *Shapona* (1954), 123 Cal.App.2d 451, 463-464 [267 P.2d 378]; *Pehau* v. *Stewart* (1952), 112 Cal.App.2d 90, 97 [245 P.2d 692].)

■ It is particularly to be observed that where attorneys' fees are allowable solely by virtue of contract they *cannot* be recovered by merely including them in the memorandum of costs (*City Investment Co.* v. *Pringle* (1920), *supra*, 49 Cal.App. 353, 355.)[2] Therefore, lessors, in the prior action, properly set up their claim for attorneys' fees before it

---

[2]In *Wagner* v. *Shapona* (1954), *supra*, 123 Cal.App.2d 451, 454, 463, the contract provided for "a reasonable attorney's fee which shall be fixed by the court as a part of the costs." Apparently the contractual provision was pleaded and proved. The trial court first allowed the fee in the main part of the judgment, then amended the judgment to direct that the fee be a part of the costs. The appellate court held that this procedure was proper, but reversed on other grounds. The Wagner case need not be taken as authority as to what is proper procedure where attorneys' fees are allowable by contract, since the cases on which it relies are cases where such fees were allowable by statute.

could be known whether there would occur an essential fact (lessors' prevailing in the prior action) which would give rise to a duty of lessee to pay attorneys' fees.

*The Meaning of the Lease Provision as to Attorneys' Fees*: Lessors argue that despite the provision of the lease that the fees "shall be taxed as costs in such [prior] action," they can recover such fees in this independent action. In support of this argument lessors cite *Stockton Theatres, Inc.* v. *Palermo* (1954), 124 Cal.App.2d 353 [268 P.2d 799] (hearing denied). That case allows recovery of attorneys' fees, in a separate action, under the following provision of a lease: "If either party shall commence any legal proceedings against the other for relief because of any default by the other because of failure to perform any term, covenant or condition of this lease and shall prevail in said action, the party who has commenced and prevailed in said legal proceeding shall recover, in addition, to all court costs a reasonable attorney's fee to be fixed by the Court" (pp. 354-355 of 124 Cal.App.2d). Lessor recovered judgment in unlawful detainer and under a writ of restitution took possession of the leased premises. Lessee appealed and the judgment was reversed. In a subsequent action brought by lessee, lessee recovered attorneys' fees incurred in prosecution of the appeal. The District Court of Appeal upheld the trial court's determination that the lessor's taking possession under the writ of restitution was a default within the meaning of the above quoted provision concerning attorneys' fees and the lessee's taking of an appeal was the commencement of legal proceedings for relief because of such default. Adopting the opinion of the trial court, the District Court of Appeal said (pp. 364-365 of 124 Cal.App.2d), "It has . . . been argued on behalf of Defendant Palermo [lessor] that the attorney's fee clause in the lease by its very terms requires that the attorney's fees must be recovered in the same proceeding in which relief is sought for a default. . . . [This argument] seem[s] to be a severe application of the theory of strict construction. In fairness the most that can be drawn from the language of this clause is that the parties contemplated such a procedure would be followed. It should be apparent that the attorney's fee clause creates a right to recover attorney's fees under certain circumstances and also describes a remedial procedure. The words of the clause do not designate this to be the solitary and exclusive remedy for the enforcement of this contractual right. If the attorney's fee clause were

to be so construed then the result would be that under some circumstances a party would have a right without a remedy. The practical result of such a construction would be a partial invalidity of the attorney's fee clause. For these reasons this does not seem to be a proper case for the application of the rule 'expressio unius est exclusio alterius.' ''

Lessors urge that here, as in *Stockton Theatres, Inc.* v. *Palermo* (1954), *supra,* 124 Cal.App.2d 353, there would be no way for them to recover their attorneys' fees in the prior action. ▇ It is lessor's position that when the litigation concluded in their favor in the trial court they could only present evidence of services which had been rendered up to that time; they could not anticipate whether there would be an appeal and what attorneys' services would be required if there were. There is no such practical difficulty, for when costs are awarded on appeal, the memorandum of costs on appeal is filed and taxed in the trial court (Code Civ. Proc., § 1034), and if a party is entitled to attorneys' fees on appeal, they can be determined by trial court when it determines the costs on appeal. (See *Cirimele* v. *Shinazy* (1954), 124 Cal.App.2d 46, 53 [268 P.2d 210] ; *Oakland, Calif. Towel Co.* v. *Roland* (1949), 93 Cal.App.2d 713, 718-719 [209 P.2d 854].)

▇ The only ''reasonable attorney's fee'' which lessee agreed to pay was one ''which shall be taxed as part of the costs of such [prior] action''; the extent of lessors' right and lessee's duty is measured by the terms of their agreement; the agreement manifestly contemplates that the fees should have.been recovered in the litigation as to which they were incurred. This conclusion is strengthened by the consideration that the photostatic copy of the lease attached to the complaint shows that it was prepared by lessors and, therefore, should be construed against them. (See *Basin Oil Co.* v. *Baash-Ross Tool Co.* (1954), 125 Cal.App.2d 578, 595 [271 P.2d 122].) ▇ It is, of course, to be presumed that plaintiffs have stated their case as favorably to themselves as the facts permit. (*Faulkner* v. *California Toll Bridge Authority* (1953), 40 Cal.2d 317, 328 [6] [253 P.2d 659].)

*Other Contentions*: Lessee argues that it appears on the face of the complaint that the question of attorneys' fees was res judicata in the prior action and that this action is therefore barred. Lessee further argues that lessors have no right to attorneys' fees under the lease because the prior action was in tort for conversion and therefore, on lessee's view,

was not an "action for any relief against Lessors . . . arising out of this lease." In view of our conclusion that the lease requires that attorneys' fees be recovered, if at all, by proceeding as if they were costs in the action in which they were incurred, it is unnecessary to discuss lessee's other arguments above stated.

Plaintiffs purport to appeal from orders denying them leave to file the amendment to the complaint and denying their motion for reconsideration of the sustaining of the demurrer without leave to amend. These orders were made before judgment and are not appealable. The attempted appeals therefrom are dismissed.

For the reasons above stated, the judgment is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Spence, J., and McComb, J., concurred.