[Civ. No. 6327.   Fourth Dist.   July 6, 1960.]

JOHN C. OLIVER et al., Appellants, v. CHARLOTTE E. SCHENE et al., Respondents.

Roger A. Saevig and McCabe & Saevig for Appellants.

Rager & Olio for Respondents.

COUGHLIN, J.—These are appeals upon the judgment roll alone from parts of a judgment in an action for declaratory relief, and from an order made after judgment.

The respondents have moved for a dismissal on the ground that appellants have accepted the benefits of the judgment and thus waived their right to complain.

The plaintiffs, as lessors, and the defendants, as lessees, entered into a lease evidenced by two instruments dated

September 23, 1957. One of these instruments was referred to as a lease and the other as an addendum and amendment to lease.

On September 19, 1958, the plaintiffs brought this action for declaratory relief. In due course the court made a pre-trial order outlining the issues for determination among which were the following:

1. Whether the action should be stayed to permit arbitration;

2. Whether the lease was invalid because it was in violation of the rule against perpetuities, i.e., section 715.2 of the Civil Code;

3. Whether the lease had been terminated;

4. If terminated, how much compensation for occupancy should be paid to plaintiffs and, if not terminated, how much rent was due them; and

5. Several other subsidiary matters.

Subsequently a trial was had, and thereafter judgment was entered adjudging that the "Lease and Addendum in said action was and is valid and enforceable"; that the plaintiffs should recover from defendants "the sum of $29,214.18 rent accrued as of July 1, 1959, together with interest . . . in the sum of $658.70 . . ."; that "defendants are entitled to a credit of $627.00 against said sum" and that "plaintiffs are not entitled to attorneys' fees." At this juncture it should be noted that the lease contained a provision with respect to attorneys' fees, but no specific allegations concerning this subject were contained in the pleadings.

The judgment was dated July 14, 1959. Plaintiffs served notice of entry of judgment on that date. On the same day the defendants obtained a stay of execution for 30 days after notice of entry of judgment. However, the judgment was not filed and entered until July 17, 1959. On August 18, 1959, plaintiffs obtained a writ of execution under which a levy was made, but which was recalled and quashed upon motion of the defendants. This motion was made on the ground that the 30-day stay should have been measured from the time when a valid notice of entry was given defendants; that the notice of entry served was premature and, therefore, not valid; and that the writ was issued in violation of the order granting a stay. In the meantime the plaintiffs had obtained an ex parte order amending the order staying execution so as to limit the stay to 30 days after entry of judgment as distinguished from notice of entry of judgment.

On September 2, 1959, five days after the first writ of execution was recalled and quashed, a second writ of execution was issued on behalf of plaintiffs who caused it to be levied on property of the defendants and collected a net of $29,089.15.

On September 14, 1959, the plaintiffs appealed from the order recalling and quashing the first writ of execution, contending that the writ was properly issued as the court had no power to order a stay for a period longer than 30 days after entry of judgment.

On October 30, 1959, the defendants paid the plaintiffs $541.95 as the balance owing on the judgment and received a receipt marked, ''Balance on Judgment.''

The defendants have moved this court to dismiss the appeal on the ground that the plaintiffs have accepted the benefits of the judgment and cannot now seek its reversal. In support of this motion defendants filed an affidavit which, among other things, states that defendants ''have in fact satisfied the said judgment in full.'' This statement is not denied. The plaintiffs contend that the motion to dismiss should be denied because they did not appeal from that part of the judgment decreeing recovery of the $29,214.18 rent accrued and interest; that their appeal is from those parts of the judgment declaring the lease to be valid, denying them attorneys' fees, and allowing the defendants an offset; and that these provisions of the judgment are severable from the provisions respecting recovery of the accrued rental. The plaintiffs further note that they also are appealing from an order after judgment.

''It is the general rule that the voluntary acceptance of the benefit of a judgment or order is a bar to the prosecution of an appeal, since the right to accept the fruits of the judgment and the right to appeal therefrom are wholly inconsistent, and an election to take one is a renunciation of the other.'' (*Mathys* v. *Turner,* 46 Cal.2d 364, 365 [294 P.2d 947]; *Schubert* v. *Reich,* 36 Cal.2d 298, 299 [223 P.2d 242].)

The application of this general rule is limited where the judgment under consideration consists of severable parts. In such a case ''a party by voluntarily accepting the fruits of one portion thereof does not necessarily estop himself to attack other and severable portions thereof upon appeal.'' (*Preluzsky* v. *Pacific Co-operative C. Co.,* 195 Cal. 290, 293 [232 P. 970]; *Gudelj* v. *Gudelj,* 41 Cal.2d 202, 214 [259 P.2d 656].) The plaintiffs claim they come within the aforesaid limitation.

478

■ "The test of whether a portion of a judgment appealed from is so interwoven with its other provisions as to preclude an independent examination of the part challenged by the appellant is whether the matters or issues embraced therein are the same as, or interdependent upon, the matters or issues which have not been attacked." (*American Enterprise, Inc.* v. *Van Winkle,* 39 Cal.2d 210, 217 [246 P.2d 935].)

■ On appeal plaintiffs contend that the lease is void, or if not void, has been terminated, and that the trial court's decision to the contrary is in error. If either of their contentions is correct, they would not be entitled to the rent provided for under the terms of the lease. When the defendants went into possession of the leased premises the building they were to occupy had not been completed and, as determined by the trial court, the lease provided that they should pay a rental equal to 6 per cent of the gross income from the business conducted thereon until the building was completed, whereupon the rental would continue to be payable in accord with the same percentage formula but a minimum fixed pursuant to another formula would be imposed. The plaintiffs contended that the building was completed on February 1, 1958, and demanded the minimum payment, which was in excess of the amount being paid under the percentage provisions. The defendants contended that the building had not been completed. The addendum provided for arbitration of any dispute respecting "the time when the Lessors obligations to complete the building have been substantially complied with" and the "date on which the payment of minimum rental shall commence." Attempts by the parties to arbitrate were futile and the complaint herein was filed without arbitration. At the trial both parties waived arbitration; admitted that attempts to arbitrate had failed; and stipulated that the court should act as arbitrator and, as such, determine the matters referable to arbitration under the agreement.

Not having received the minimum rental demanded by them, the plaintiffs, on September 17, 1958, served defendants with a notice declaring plaintiffs' election to terminate the lease on account of defendants' refusal to pay the minimum rental and to comply with other specified covenants contained therein. The lease provided that, at the option of lessors, the term thereof would terminate should lessees refuse or neglect to pay any rental due thereunder or to perform any covenant thereof. Two days later plaintiffs commenced this action. The triable issues were set forth in a pretrial order, as hereto-

fore noted; the court found that the lease was valid and enforceable; that the building in question was completed on March 1, 1958; that the minimum rental was payable upon completion of the building; that the lease was not terminable for failure to pay such rental because the parties, through their equal fault, had not submitted to arbitration as required by the terms of the addendum; that the defendants were indebted to the plaintiffs, as of July 1, 1959, under the minimum rental requirement, in the sum of $29,214.18 together with interest thereon in the sum of $658.70; and that the defendants were entitled to a setoff in the sum of $627 on account of money due them. Additional findings favorable to the defendants were made with respect to the alleged nonperformance of other covenants as specified in the notice to terminate the lease. Judgment was entered accordingly. The part thereof adjudging recovery of the sum of $29,214.18 described this item as "rent accrued as of July 1, 1959."

It is obvious that the amount of any recovery by the plaintiffs was based on the minimum rental requirement in the lease which, in turn, was based on its present valid existence.

Also, it is undisputed that since entry of judgment the defendants have paid to and the plaintiffs have received the minimum monthly rental prescribed by the lease.

In addition, by accepting from defendants the sum of $541.95 as the balance owing on the judgment, the plaintiffs credited the defendants with the sum of $627 which the court awarded them as an offset.

If the lease is void or has been terminated, as plaintiffs contend, they are not entitled to the rental therein prescribed. They argue, however, that under such circumstances, even though they may not recover the agreed minimum rental, they are entitled to the reasonable value of the use of their property during the time of defendants' occupancy; that this amount equals the amount awarded them by the court and the amount they are now receiving; and, consequently, they should not be estopped to proceed with their appeal. Granted the correctness of their factual premise and its judicial determination, the law might sustain their conclusion. (*Mathys* v. *Turner*, 46 Cal.2d 364, 365 [294 P.2d 947].) However, the court made no finding respecting this matter and did not award plaintiffs the reasonable value of the use of their property. The value of that use conceivably could be smaller than the minimum rental prescribed by the lease. It follows, therefore, that the plaintiffs have taken advantage of that part of

the judgment awarding them an amount which they now may claim only on the basis of an existing valid lease. This fact precludes their contesting the issue of its validity and existence on this appeal. (*Mathys* v. *Turner*, 46 Cal.2d 364, 366 [294 P.2d 947]; *M. H. Golden Const. Co.* v. *El Centro Properties Inc.*, 112 Cal.App.2d 435, 441 [246 P.2d 942].) Stated otherwise, the plaintiffs are barred from now contending that the court erred in determining that the lease was not void or had not been terminated because they have enforced a part of the judgment in their favor which was based on that determination. █ A party may not accept findings of fact and conclusions of law to support that part of a judgment in his favor and reject them insofar as they support that part of a judgment against him.

█ The plaintiffs contend, however, that they cannot be estopped to assert the illegal nature of a transaction, citing *Fewel & Dawes, Inc.* v. *Pratt*, 17 Cal.2d 85, 91 [109 P.2d 650], and *Reno* v. *American Ice Mach. Co.*, 72 Cal.App. 409 [237 P. 784]; that an agreement which violates the law against perpetuities, being against public policy, is illegal, citing *In re Walkerly*, 108 Cal. 627, 659 [41 P. 772, 49 Am. St. Rep. 97] and *Burns* v. *Grable*, 138 Cal.App.2d 280, 288 [291 P.2d 969]; that their appeal is an objection to the illegality of such an agreement which is sustained by the judgment; and therefore, they cannot be estopped to prosecute such appeal.

The trial court has determined that the lease in question does not violate the rule against perpetuities. What the plaintiffs have done by accepting a part of the judgment based on the findings is to waive their right to have the determination of the trial court reviewed on appeal and not their right to raise, in a proper proceeding, an objection to the lease on the ground that it violates such rule.

Moreover, in considering the foregoing contentions we have reviewed the record; have determined that plaintiffs' basic premise of claimed illegality is false; and conclude that the argument in support of their claim that they are not estopped to proceed with this appeal is without merit.

The trial court found that the instruments entitled lease and addendum constituted one contract. (*Mayers* v. *Loew's, Inc.*, 35 Cal.2d 822, 827 [221 P.2d 26]; *People* v. *Ganahl Lumber Co.*, 10 Cal.2d 501, 507 [75 P.2d 1067]; Civ. Code, § 1642.) As such, obvious ambiguities and uncertainties appear. The instrument entitled "Lease" provides for a 10-year term commencing on completion of construction of the improvements therein contemplated, and further provides that

the proposed improvements shall be constructed "according to the plans and specifications agreed upon by the lessors and lessees . . . as hereto attached and made a part hereof." The court found that no plans and specifications had been agreed upon by the parties and none were attached to the instrument. Pointing to these facts, the plaintiffs contend the lease is in violation of the rule against perpetuities because the time of its commencement is indefinite and may occur later than 21 years after a life in being, citing *Haggerty* v. *City of Oakland,* 161 Cal.App.2d 407, 417 [326 P.2d 957]. The other instrument, which is entitled "Addendum", expressly states that it "changes, alters, varies and makes additional provisions" to the "Lease." The "Lease" provides for a percentage of income rental with a fixed minimum payable monthly. The "Addendum" provides that the "Lessors shall accept as full rental for the use of the premises by the Lessees prior to the completion of the building" the percentage income prescribed by the first instrument, omitting the minimum rental guarantee; that upon completion of the building, lessors will file a notice of completion whereupon lessees "shall accept the building as completed with the exception of any specific items which they may find incomplete"; and if the parties cannot agree with respect to the matter of completion, their controversy shall be submitted to three arbitrators who shall "determine what work or things must be completed, done, corrected, or changed, and also the date on which the payment of minimum rental shall commence." Although the complaint does not directly allege that the defendants were in possession of the leased premises, this fact appears indirectly. The "Notice of Termination of Lease" which was directed to lessees, recites that it is given pursuant to the "lease dated September 23, 1957 . . . under which you hold possession" of the premises in question and demands that the defendants quit and deliver possession thereof to the plaintiffs. The foregoing facts furnish the basis for an inference that the defendants went into possession of the premises when the lease was executed, i.e., September 23, 1957, although the building thereon was not then completed. The court found that the defendants paid the percentage rental for the months from November, 1957 through July, 1958. Apparently, in the meantime, the defendants had installed some equipment incident to the operation of a bowling alley as provided in the lease. The plaintiffs contend that the leasehold term was not to commence until the building was completed, whereas the defendants contend that

it was to commence forthwith. The plaintiffs claim that the addendum provided merely for a month to month or periodic tenancy with rental payable on a percentage basis. The defendants claim that the percentage rental payments referred to in the addendum were in lieu of the percentage rental payments with a fixed minimum which were prescribed by the "Lease." The "Addendum" by its terms indicates an intention to change and alter the "Lease" and expressly states that the lessors "accept as full rental" a percentage of the gross income received by the lessees during the time they occupy the premises prior to the completion of the building. The "Addendum" did not provide that *the lessees should pay* a percentage of their income as rental. The conclusion seems obvious that the lessees, under the provisions of the "Lease," were required to pay a percentage of their gross income as rental, but the lessors were not required to accept that amount "as full rental" because of the prescribed minimum, and the provisions of the "Addendum" just related, changed and altered the provisions of the "Lease" by requiring the lessors to accept the percentage of gross income in full payment for the rental which would become due on account of lessees' immediate occupancy of the leasehold. Basic to such an agreement is the intention of the parties that the term of the lease should commence forthwith.

Under any circumstances, the uncertainties and ambiguities thus presented authorized the admission of parol evidence to interpret the contract. The court found that the "Lease" and "Addendum" should be construed as providing that the term thereof commenced as of the date of execution, i.e., September 23, 1957, and, as this is an appeal on the judgment roll alone, it must be assumed that the evidence supports this conclusion.

The plaintiffs contend that such a conclusion is contrary to an allegation in their complaint, which was not denied by the defendants' answer, that the Addendum provided that lessees would use and occupy the premises in question on a month to month basis; and that upon completion of the building the leasehold term would commence. The complaint also incorporates by reference the provision of the "Lease" and "Addendum," copies of which were attached as exhibits. Waving aside defendants' contention that the allegations referred to were conclusions of law and not of ultimate fact, the net result of this pleading is a presentation of uncertain

and conflicting allegations which the court settled by its findings of fact and conclusions of law.

We conclude, therefore, that the trial court's determination that the leasehold commenced on the date the ''Lease'' and ''Addendum'' were signed is sustained by the record on appeal and its conclusion that the resulting agreement was not in violation of the rule against perpetuities necessarily follows.

As heretofore noted, the plaintiffs, by accepting the fruits of the judgment, are barred from prosecuting their appeal from that part thereof declaring the lease valid and existing as well as from that part awarding plaintiffs an offset. For this reason the other contentions urged by plaintiffs with respect to these appeals will not be considered.

However, their appeals from a third part of the judgment and from the order after judgment remain for consideration. The court adjudged that ''plaintiffs are not entitled to attorneys' fees.'' This determination was based on findings that the actual fault for causing the controversy presented to the court ''lies equally with each party''; that ''the Addendum to the Lease contained an Agreement to arbitrate controversies respecting completion of the building and commencement of minimum rental . . . and that both plaintiffs and defendants failed and neglected to arbitrate, the fault for such failure and neglect resting equally with both parties''; ''that the action to enforce the obligations of the lease was premature in that these matters should have been settled by arbitration''; and ''that the obligation to pay attorney fees should not apply.''

The lease provides that the lessees shall pay all attorneys' fees incurred in enforcing any of the obligations of the lease or in any litigation in which the lessors, ''without their fault,'' become involved on account of the lease.

The trial court concluded that the action in question was not brought to enforce any of the obligations of the lease. It was an action in declaratory relief which was brought to effect a judicial determination that the lease either was void or had been terminated. Any attorneys' fees incurred for this purpose were not incurred to enforce the obligations of the lease. Having determined the controversies presented by the complaint adversely to the plaintiffs, the court proceeded to conclude all of the issues before it and awarded a judgment for rent in their favor. Nevertheless, the fact remains that any attorneys' fees incurred in prosecuting this action were not

incurred to enforce the obligations of the lease and, consequently, are not compensable under the lease. The further provision of the lease prescribing recovery of attorneys' fees incurred in any litigation in which the lessors become involved on account of the lease, does not avail plaintiffs because of the proviso that such involvement must be without their fault. The court found that the litigation in question ensued as a result of the fault of both parties. The plaintiffs have not brought themselves within the provisions of their lease authorizing recovery of attorneys' fees.

Moreover, there is no pleading that plaintiffs *incurred* any attorneys' fees with respect to the matters covered by the lease, or at all. Their agreement with the attorney representing them in this action has not been disclosed and whether they have incurred any attorneys' fees as a result thereof does not appear. The attorneys' fees in question are recoverable as damages under the lease and not as costs. (*Genis* v. *Krasne,* 47 Cal.2d 241, 246 [302 P.2d 289] ; *Stubblefield* v. *Fickle,* 123 Cal.App.2d 325, 326 [266 P.2d 808].) ■ Fees on account of services rendered in connection with an action arising out of a contract providing for the payment thereof may be recovered as special damages, but the "rules of pleading require such damages to be specially averred." (*Prescott* v. *Grady,* 91 Cal. 518, 522 [27 P. 755] ; *Cirimele* v. *Shinazy,* 124 Cal.App.2d 46, 52 [268 P.2d 210].) ■ Attorneys' fees recoverable as damages may not be allowed without pleading and proof that there is a contract provision for them (*Genis* v. *Krasne,* 47 Cal.2d 241, 246 [302 P.2d 289]), and that the facts authorize recovery under such provision. ■ The extent of the lessor's right and the lessee's duty with respect to such fees "is measured by the terms of their agreement." (*Genis* v. *Krasne,* 47 Cal.2d 241, 248 [302 P.2d 289].)

The record presented on this appeal does not establish any error in the judgment decreeing that the plaintiffs are not entitled to attorneys' fees herein.

■ The appeal from the order quashing the writ of execution issued on August 15, 1958, was taken, so plaintiffs contend, in order that they may recover sheriff's costs in the sum of $126.50 which were incurred in making a levy under that writ. The plaintiffs claim that the writ was properly issued because the trial court was not authorized to grant a stay of execution for a period longer than 30 days after entry of judgment; that the order granting the stay for a period of

30 days after *notice* of entry of judgment was improper and without the power of the court; and, therefore, the writ was issued in proper time and the order recalling and quashing the same should not have been made.

On September 2, 1959, five days after making the aforesaid order, the court issued another writ under which a levy was made and which was returned partially satisfied. The sheriff's return showed that $29,089.14 was paid to plaintiffs' attorney. The September 2d writ did not include the $126.50 sheriff's fee incurred in connection with the August 18th writ as an accrued cost. As heretofore noted, since the sheriff's return on the second writ, the defendants have paid the balance due on the money judgment in question. As the purpose of the first writ has been accomplished by issuance of the second writ and the aforesaid payment by defendants, any error committed in recalling and quashing the first writ is moot. An appeal from an order which is moot will be dismissed. (*Agnew* v. *Superior Court,* 118 Cal.App.2d 230, 233 [257 P.2d 661] ; *Ikuta* v. *Ikuta,* 114 Cal.App.2d 108 [249 P.2d 584] ; *M. H. Const. Golden Co.* v. *El Centro Properties Inc.,* 112 Cal.App.2d 435, 441 [246 P.2d 942].)

Plaintiffs' contention that their appeal does not involve a moot question because they wish to use an anticipated reversal of the order as a basis for recovery of $126.50 sheriff's fees is without merit. A reversal of the order recalling and quashing the August 18th writ would not effect the entry of a judgment in plaintiffs' favor for the $126.50. The plaintiffs' right to receive or defendants' obligation to pay any expenses which the sheriff may have incurred in causing a levy to be made under that writ are subjects for consideration in a proceeding other than that now before this court.

The appeals from that part of the judgment declaring that the lease and addendum in question are valid and enforceable, and from that part of the judgment determining that the defendants are entitled to a credit of $627, and from the order recalling and quashing the writ of execution dated August 18, 1959, are dismissed. That part of the judgment decreeing that the plaintiffs are not entitled to attorneys' fees is affirmed.

Shepard, Acting P. J., and Shea, J. pro tem.,* concurred.

A petition for a rehearing was denied August 3, 1960, and appellants' petition for a hearing by the Supreme Court was denied September 1, 1960.

---

*Assigned by Chairman of Judicial Council.