[Civ. No. 6687.    Fourth Dist.    Apr. 6, 1962.]

MARGARET P. SYMONDS, Plaintiff and Respondent, v. THOMAS L. GURNEY et al., Defendants and Appellants.

Kinkle & Kinkle and William B. Rodiger for Defendants and Appellants.

W. Mike McCray for Plaintiff and Respondent.

COUGHLIN, J.—The issues on this appeal concern the sufficiency of a notice of intention to move for a new trial, and the authority of the court to order a new trial on the issue of damages alone, in an action arising out of an automobile accident, as against the defendant driver while denying such motion as against the defendant owners.

The plaintiff, who is the respondent herein, brought this action to recover damages for injuries sustained as the result of a collision between an automobile in which she was riding and an automobile owned by the defendants Gurney and driven by the defendant Magee, with the former's consent, all defendants being appellants herein. Negligence upon the part of the defendant driver was admitted. The jury found against any contributory negligence on the part of the plaintiff. A verdict in the sum of $5,000 against the owners and the driver jointly, and for the additional sum of $625 against the driver alone, resulted in a judgment in plaintiff's favor for these amounts. Thereafter, the plaintiff moved for a new trial on the issue of damages alone, and in the alternative, on both the issues of damages and liability. By a minute order entered September 8, 1960, the court indicated its intention to grant the motion unless the defendant driver stipulated that the judgment against her might be increased to $9,000. No such stipulation was forthcoming and the court entered its written order granting a new trial on the issue of damages alone as to the driver, i.e., Magee, and a separate order denying the motion as to the defendant owners, i.e., Gurney. From both the minute order and the order granting a new trial all defendants appeal contending:

(1) That the notice of intention to move for a new trial was insufficient to confer jurisdiction upon the court to grant the same;

(2) That the order granting the motion as to the defendant driver was improper because of the order denying the motion as to the defendant owners; and

(3) That the conditional minute order deprived the defendant driver of the right to a jury trial on the issue of damages, and was error.

All of the defendants were and now are represented

by the same firm of attorneys. The motion for a new trial was initiated by serving upon these attorneys a notice of motion which was addressed as follows: "To THE HONORABLE FRANKLIN G. WEST, JUDGE OF SAID SUPERIOR COURT AND TO KINKLE & KINKLE, ATTORNEYS FOR DEFENDANT:." The body of this notice declared plaintiff's intention to move to "set aside the verdict of the jury heretofore rendered in favor of the plaintiff and against the defendant in the above entitled action, and to grant the plaintiff a new trial upon the question of damages alone or in the alternative upon the questions of liability and damages."

The defendants contend that the subject notice of motion did not confer jurisdiction upon the trial court to make any new trial order in the premises because it was addressed to a single unidentified defendant; that a notice of such a motion is a jurisdictional prerequisite in any new trial proceeding; that the failure to identify the defendant to whom the notice in question was directed reduced it to a nullity; and that the service of this notice upon the attorneys in question did not constitute a service upon either defendant. Reliance is placed on the decision in *Spruce* v. *Wellman,* 98 Cal.App.2d 158, 160 [219 P.2d 472], wherein, after a verdict and judgment in favor of an employer and his employee, who were represented by the same attorneys, the plaintiff served these attorneys with a notice of motion for a new trial addressed to the employer alone, and an order granting such motion was reversed upon the ground that it did not include the case against the employee because the notice of motion was not addressed to him, and the employer was not liable unless his employee was liable. However, the situation in the cited case is readily distinguishable from that in the case at bar. In the former the notice was directed to a named defendant, which inferentially excluded other defendants, whereas, in the instant case, the notice was directed to the "attorneys for defendant." Under the circumstances of this case, the use of the singular term "defendant" must be understood as referring to the plural "defendants." In the body of the notice reference was made to the verdict of the jury "in favor of the plaintiff and against the defendant." There was only one verdict in the case and it was against all of the defendants. As used in the Code of Civil Procedure, the singular number includes the plural. (Code Civ. Proc., § 17.) In any event, the alleged defect in designation constituted no more than a defect in form and did not render the notice a nullity. The

attorneys for the defendants appeared at the hearing and made no objection to the sufficiency of the notice. No contention was made that service thereof had not been made upon either defendant. ■ Alleged defects in a notice of motion for a new trial to which no objection is offered at the time the motion is made and decided are waived, and may not be reached on appeal. (*Lamoreaux* v. *San Diego etc. Ry. Co.*, 48 Cal.2d 617, 621 [311 P.2d 1].) ■ In the instant case the failure to object constituted a waiver of any claimed insufficiency of the language used in designating the person to whom the notice of motion was directed.

■ The defendants Gurney, the owners of the subject automobile, object to the order granting the motion as to the defendant Magee, the driver, upon the ground that it endangers the rights extended them by the provisions of the Vehicle Code[1] which impose liability upon the owner of an automobile for the negligence of a person operating it with his consent, but make that liability secondary only, and contemplate that the party injured shall sue the driver and take recovery against the latter's property before proceeding against the property of the owner.

It is argued that if a judgment less than $5,000 or, for some reason, no judgment at all is entered against the defendant Magee, i.e., the driver, the plaintiff would be entitled to proceed against the property of the owners for a part or even the whole of the judgment against them without first proceeding against the property of Magee. This contemplated calamity is attributable primarily to the order denying the motion for a new trial as to the defendants Gurney, rather than to the order granting such as to the defendant Magee. Mr. and Mrs. Gurney are content with the judgment fixing their liability at $5,000; neither moved for a new trial nor appealed therefrom; and neither wants the order denying the plaintiff's motion as against them to be disturbed. Under these circumstances, they indicate a willingness to accept the distressing state of affairs which might result from a lesser or no judgment being entered against the driver Magee and, therefore, cannot be permitted to complain of the order granting the motion as to the latter on the limited issue of damages. All of the objections urged by the defendants Gurney would

[1]The provisions of the Vehicle Code governing the liability of an owner at the time of the accident in question were set forth in section 402 thereof, and since then have been incorporated in sections 17150-17153 of the present Vehicle Code.

be solved if this court should reverse the order denying the motion for a new trial as to them and direct that such motion be granted on the limited issue of damages, but they are not solicitous of such a result. Under these circumstances, their contention that the order granting a new trial as to the defendant Magee should be reversed for the reasons they advance should be rejected. In doing so, we do not pass upon the question whether their appeal from the order granting the new trial as to the driver confers upon this court the authority, under the circumstances of this case, to reverse the order denying the motion for a new trial as to them.

The defendant Magee, the driver, objects to the order granting a new trial as to her while denying it as to the defendants Gurney, upon the ground that it may increase the amount for which she may be liable, in that the provisions of the Vehicle Code which impose liability upon the owner direct that he, to the extent of the judgment against him, shall be subrogated to the rights of the injured person against the operator, and in the event the judgment in the instant case eventually entered against her should be less than $5,000, she would be required to pay the defendants Gurney more than the amount of that judgment because of their subrogated rights. In reality, the defendant Magee is objecting to the order which denied the plaintiff's motion for a new trial as to the defendants Gurney. However, she does not contend that the orders both denying and granting the subject motion should be treated as a whole, and that the error which might result in the detriment she contemplates should be corrected by a reversal with instructions to the trial court to grant the motion as to her codefendants as well as to herself. Instead, she asks this court to reverse the order granting the motion for a new trial and reinstate the $5,625 judgment against her. In the event her request were granted, she would be required to pay $5,625 although she complains that under the order from which she appeals she might have to pay $5,000. Under these circumstances, any claimed error in granting the motion as to her, but denying it as to her codefendants, certainly resulted in no prejudice, and may not be urged as a basis for reversal. (Cal. Const., art. VI, § 4½.)

By its minute order the court indicated an intention to grant the motion for a new trial unless the defendant Magee would stipulate to a designated increase in the amount of the judgment against her. It is argued that, under the circumstances of this case, this order was improper as it deprived

her of a trial by a jury on the issue of damages. However, without passing upon the appealability of this minute order, which appears to be interlocutory in character, it is apparent that any assumed error occurring in its making is moot. The subject defendant did not accept the condition proposed by the court; a new trial was granted unconditionally; and she has all of the rights which she would have had if the court never had indicated an intention to deny the motion for a new trial in the event the judgment were modified as suggested. (See *Patterson* v. *Rowe,* 113 Cal.App.2d 119, 124 [247 P.2d 949].) An appeal from an order that is moot should be dismissed. (*Oliver* v. *Schene,* 182 Cal.App.2d 473, 485 [6 Cal. Rptr. 461]; *Agnew* v. *Superior Court,* 118 Cal.App.2d 230, 233 [257 P.2d 661].)

The order granting the new trial is affirmed, and the appeal from the minute order of September 8, 1960 is dismissed.

Griffin, P. J., and Shepard, J., concurred.